IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____
TIMOTHY EASON,                         :
    Plaintiff,                         :
       v.                              :    CIVIL ACTION NO. 10-3279
                                       :
CITY OF PHILADELPHIA, et al.,          :
    Defendants.                        :
_____:

## MEMORANDUM OPINION

**Rufe, J.**                                                                                     **December 10, 2014**

      Before the Court is Plaintiff's Motion to Amend the Complaint and Defendant Officer Kevin Clark's Motion for Summary Judgment. Both motions are opposed.

**Background**

      On February 8, 2009, Plaintiff was arrested and charged with simple assault and recklessly endangering another person, following an alleged assault on his girlfriend.[1] He was found guilty of the charges on July 15, 2009, and sentenced to eleven and a half to twenty-three months in prison.[2] On November 25, 2009, Plaintiff's conviction was overturned on appeal.[3] On July 13, 2010, Plaintiff filed a *pro se* federal civil rights complaint. Plaintiff's factual allegations about the events which caused his alleged injuries are contained in two sentences: "On February 8, 2009, I was arrested by Police Officer Kevin Clark from the 22nd police district with fellow officers John Does for simple assault and reckless endangerment which were false charges that were later dismissed on November 25th, 2009. As a result of my false charges I had

---

[1] Statement of Undisputed Material Facts, Doc. No. 47, ¶ 7, 9.

[2] Doc. No. 47, ¶ 10.

[3] Doc. No. 47, ¶ 11 .

to spend 11 months in the county prison."[4] The complaint named as defendants individual police officers, the 22nd Police District, and the City of Philadelphia.[5] The Court appointed counsel on October 24, 2013, but counsel did not file an amended complaint. At the close of the discovery period, the City filed a motion for summary judgment, arguing that there is no basis on which it could be held liable. That motion was granted. The case proceeded only as against the arresting officer, Police Officer Kevin Clark, on allegations that Plaintiff was wrongly arrested without probable cause and falsely imprisoned for charges Officer Clark knew or should have known were false or baseless.

Trial was scheduled to begin on October 7, 2014. Prior to trial, Plaintiff submitted proposed jury instructions. This submission included proposed jury instructions regarding the use of excessive force during the arrest, and deliberate indifference to a serious medical need.[6] The Complaint did not contain either an excessive force claim or a deliberate indifference claim, and at a Final Pretrial Conference, Defendant indicated that he was not on prior notice that Plaintiff intended to pursue these un-pled claims. The parties agreed that the trial would be postponed so that the parties could engage in further motions practice. Defendant filed a motion for summary judgment, and Plaintiff filed a motion to amend the complaint.

## Discussion

### A.     Motion for Summary Judgment

Defendant has moved for summary judgment. Summary judgment is appropriate if "the materials in the record" show "that there is no genuine dispute as to any material fact and the

---

[4] Compl. at II D.

[5] One officer is named in the complaint and was served; the City was also served. No other defendants were served.

[6] Plaintiff asserts that he was bitten by his girlfriend before Officer Clark arrived, and asked for but was refused medical treatment for that bite, which was bleeding lightly. He does not assert that he suffered any injuries which required medical treatment during the course of the arrest.

movant is entitled to judgment as a matter of law."[7] A moving party asserting that a material fact cannot be disputed must support that assertion with materials in the record.[8] Similarly, a party opposing summary judgment must demonstrate that a material fact is genuinely disputed by reference to concrete evidence in the record.[9] This requirement upholds the "underlying purpose of summary judgment [which] is to avoid a pointless trial in cases where it is unnecessary and would only cause delay and expense."[10] The facts must be viewed and all reasonable inferences must be drawn in favor of the non-moving party.[11]

Defendant argues that the record evidence indisputably demonstrates that he had probable cause to arrest Plaintiff. The Court agrees. Plaintiff has admitted that, prior to his arrest, Defendant spoke to Plaintiff's girlfriend JonQuil Brown, and she told Defendant that she had been in a fight with Plaintiff, Plaintiff had struck her in the face, and he had tried to hold her in his home against her will.[12] Defendant also observed scratches and blood on Ms. Brown's face.[13] The same day, Ms. Brown gave a statement to Detective DeMalto, telling him that she had a "tussle" with Plaintiff, he tried to prevent her from leaving the home, he pinned her to the hood of a truck, and he punched her face with closed fists.[14] However, Plaintiff argues that Defendant should not have found Ms. Brown credible, because he had been informed that she was under the influence of PCP at the time of the encounter.

---

[7] Fed. R. Civ. P. 56 (a).

[8] Fed. R. Civ. P. 56(c).

[9] Fed. R. Civ. P. 56(c).

[10] *Walden v. Saint Gobain Corp.,* 323 F. Supp. 2d 637, 641 (E.D. Pa. 2004) (citing *Goodman v. Mead Johnson & Co.,* 534 F.2d 566, 573 (3d Cir. 1976)).

[11] *Hugh v. Butler County Family YMCA*, 418 F.3d 265, 267 (3d Cir. 2005).

[12] Doc. No. 47, ¶ 3-4.

[13] Doc. No. 47, ¶ 5.

[14] Doc. No. 47, ¶ 6-7.

Defendant relied upon Ms. Brown's statements to him and her physical appearance in determining that he had probable cause to arrest Plaintiff. Despite being told that Ms. Brown had used PCP, Defendant found no reason to disbelieve her account of events at the time of the arrest, as she was both an eyewitness and the apparent victim, she was able to articulate an account, and the scratches and blood on her face were consistent with her verbal report. At least part of her account was accurate; Plaintiff admits that he was attempting to prevent Plaintiff from leaving the apartment. His motive in attempting to detain her (he asserts that he was attempting to protect her while she was under the influence of PCP) may have been relevant to a finding of his guilt or innocence, but, based on the undisputed facts in the record, Defendant was not required to explore Plaintiff's motives before effecting an arrest. The prosecutor believed there was sufficient evidence to prosecute Plaintiff, and he was initially convicted, although that conviction was reversed on appeal. Looking at the totality of the circumstances, the Court finds that no reasonable fact finder could determine that Defendant lacked probable cause for the arrest. The Court will therefore grant summary judgment on the claims for wrongful arrest and imprisonment.

**B.     Motion to Amend**

A party seeking to amend a complaint more than twenty-one days after a responsive pleading is filed must seek leave of the Court or consent of the opposing party. Leave to amend must be freely given, but the Court may deny an opposed motion to amend if it finds undue delay, bad faith or dilatory motive, undue prejudice to the opposing party, or if the Court finds that amendment would be futile.[15]

---

[15] *In re Burlington Coat Factory Secs. Litig.,* 114 F.3d 1410, 1434 (3d Cir. 1997).

The Court here finds a long delay (more than four years), but no bad faith or dilatory motive. Plaintiff filed the initial complaint *pro se*, and he apparently did not immediately discuss his desire to assert additional claims with his recently appointed counsel. Defendant does not argue that he would be prejudiced by the amendment nor that amendment would be futile; he argues only that Plaintiff's request is untimely and Plaintiff failed to explain the undue delay. After discussion with counsel for both parties, the Court concluded that some additional discovery may be required should the Court grant permit amendment, but this discovery will not be extensive. Plaintiff has already been deposed, and testified in his deposition both regarding the force used to arrest him and regarding the source of the injury for which he requested medical treatment. Therefore, this will not unduly delay resolution of this litigation. Defendant will be permitted to take any additional discovery necessary to defend against the newly added claims, and so will not be prejudiced. Therefore, although the Court does not approve of the practice of raising new allegations after discovery and when a case has been set for trial, especially where, as here, the proposed amendment asserts factual allegations known to Plaintiff at the time the initial complaint was filed, delay alone is not a sufficient justification to deny leave to amend,[16] and, finding no unwarranted burden on the Court and no prejudice to Defendant, the Court will permit the amendment.

Defendant moved for summary judgment on Plaintiff's excessive force claim, anticipating the possibility that the Court would allow amendment of the complaint to include such a claim. However, the motion to amend, which Plaintiff filed after Defendant had filed his motion for summary judgment, actually contained two additional claims: an excessive force claim and a claim for failure to provide for medical treatment. Because these claims were added

---

[16] *Cureton v. Nat'l College Athletic Ass'n*, 252 F.3d 267, 274 (3d Cir. 2001).

after the close of discovery, the Court is concerned that the factual record on the newly added claims is not complete. Accordingly, the Court will permit limited additional discovery on the new claims, if necessary, and will dismiss without prejudice Defendant's motion for summary judgment as to the newly added excessive force claim.

**Conclusion**

For the reasons set forth herein, the Court grants Plaintiff's motion to amend the complaint, and grants in part and dismisses without prejudice in part Defendant's motion for summary judgment. An appropriate order follows.